[No. 861. Decided July 11, 1893.]

WHITING MANUFACTURING COMPANY, *Appellant*, v. JAMES M. GEPHART, *Receiver*, *Respondent*.

SALE — BILL OF SALE — RECORDING — RESCISSION.

Under § 1454, Gen. Stat., no sale of personal property is valid as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor. unless such sale be evidenced by a memorandum in writing, and such memorandum be recorded in the auditor's office of the county in which the property is situated within ten days after such sale.

Where there has been an absolute delivery of goods under a contract of sale, thus resting title in the purchaser, and he has sold a portion of the goods, an agreement to return the remaining goods to the original owner does not amount to a rescission of the original contract of sale, but to a re-sale of the goods, and is void as to creditors, when there is no delivery of possession nor any bill of sale executed and recorded.

*Appeal from Superior Court, King County.*

*Wiley & Bostwick*, for appellant.

*Frank A. Steele*, for respondent.

The opinion of the court was delivered by

HOYT, J.—The only reasonable construction of § 1454, General Statutes, is that thereunder no sale of personal property is valid as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor, unless such sale be evidenced by a memorandum in writing, and such memorandum be recorded in the auditor's office of the county in which the property is situated within ten days after such sale shall have been made. The construction of said section contended for by the appellant would lead to such results as to make it the duty of courts to avoid such construction, if the language used will allow them so to do. If the construction contended for by it be adopted, a sale not evidenced by a memorandum in writing would be good without any condition whatever, while one thus evidenced would only be good upon condition that the memorandum so evidencing the sale should be recorded as required by the statute. The language used, when taken in connection with the other provisions of the statute relating to the same subject, is not such as to lead us to believe that the legislature intended such a condition of things. The construction which we have above suggested does no violence to the language of the section, excepting that we construe the clause, "no bill of sale," as though it read "no sale," which we think it is necessary that we should do in order that the evident intent of the legislature should have force. Thus construing our statute, it is evident that if the transaction between the appellant and the one to whom it originally sold the goods in controversy is to be treated as a sale, it cannot have force as against the respondent as a representative of the creditors of such person. There was no bill of sale executed between the parties, nor was there any sufficient delivery by the seller to the purchaser.

Appellant contends, however, that the transaction should not be treated as a sale, but rather as a rescission of the contract of sale originally made by the appellant.    In our opinion this position is not tenable.    The contract of purchase had been entirely completed by an absolute delivery of the goods, and the title thereto had vested in the purchaser.    Such being the case, his title could only be divested as to creditors and *bona fide* purchasers by the same formalities as were necessary to constitute an original sale. Besides, it appears reasonably certain from the record that the entire contract under which the goods had been originally bought could not be rescinded for the reason that some of such goods had been disposed of by the purchaser. There could, therefore, be no rescission unless the original transaction could be divided into as many separate contracts of purchase as there were articles purchased.    This could not be done, as it is evident that a single contract of purchase covered all the goods embraced in an entire bill. And it could not be rescinded unless all of such goods were so situated that they could be returned to the seller in consideration of his release of the purchaser from the payment of the purchase price thereof.

As we gather the facts from the record in this case, a certain portion of the goods billed by the appellant to the purchaser had been sold by him, and the attempt to rescind only went to those remaining on hand.    When we consider these facts, in connection with all the other circumstances surrounding the transaction, it seems clear to us that it was not a rescission of the former contract, but was, in fact, a re-sale of the goods to the original owner thereof. This re-sale might have been good as between the parties, but cannot have force so far as creditors are concerned. This was the view taken by the court below, and its judgment must be affirmed.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.