[No. 2205.  Decided October 2, 1896.]

THE PACIFIC LOUNGE AND MATTRESS COMPANY, *Respondent*, v. NICHOLAS RUDEBECK, *Appellant*.

SALE — WHEN TITLE PASSES — INTENTION — REPLEVIN.

In determining whether title has or has not passed by a contract of sale, the primary test is one of intention, and, if that is manifested clearly and unequivocally, it controls.

Where goods have been sold to a purchaser in consideration of an antecedent debt due him from the seller, although nothing in furtherance of the sale beyond the manifest intention of the parties to pass title has been done, replevin will lie at the instance of the purchaser against a third party, who holds the goods under a lease from the seller, which has been violated.

Appeal from Superior Court, Snohomish County. — Hon. JOHN C. DENNEY, Judge. Affirmed.

*Black & Edwards,* for appellant.

*James B. Murphy,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action in the nature of replevin, brought by the respondent against appellant to recover the possession of certain furniture and carpets described in the complaint. The complaint alleged that the respondent was the absolute owner of the goods in question, which was denied by the appellant. A verdict was rendered in favor of the respondent, on which judgment was entered and from which an appeal was taken.

Many errors are alleged by the appellant's brief, but according to appellant's own theory they are all involved in the determination of one question, viz., whether the respondent, according to the evidence, is the owner of the goods sued for or was in fact a mortgagee. It is contended by the appellant that the complaint shows that the respondent only held these goods as security for the payment of a debt due from one C. H. Bakeman. It may be said here that the goods were held under a lease from Bakeman to the appellant, which goods were afterwards sold by Bakeman to the respondent. Demand was made by it upon the appellant for the possession of the goods and upon refusal this action was brought.

We think the complaint states, in language which cannot be susceptible of two constructions, that the plaintiff is the owner and not the mortgagee of this property, and it seems to us that the evidence also conclusively shows an ownership in the respondent. The testimony of J. W. Efan, who was the agent of the respondent and who did its business for it, was to

the effect that respondent had purchased these goods outright from Mr. Bakeman, and that the intention was to convey the entire title of said goods to the respondent company. It seems that another arrangement had been made between the respondent and Bakeman, but the witness says:

"After talking the matter over with some of the other members of the company, we decided that the arrangement was unsatisfactory to us, and I saw Mr. Bakeman again and told him that the company wanted to buy the goods outright and take the absolute title thereto, and Mr. Bakeman agreed to sell the goods and I agreed to take them, and I bought them and closed the deal then and there as agent for the plaintiff."

This testimony is undisputed, but it is the contention of the appellant that inasmuch as no credit was given Bakeman by the respondent, Bakeman being indebted to it at the time, and inasmuch as the price which was to be received by Bakeman under the contract was to be the price for which the goods were sold by the respondent, the title to the goods did not pass; that something remained yet to be done before the contract became executed.

While it is true that in many instances the test of an actual conveyance is the doing of everything which is to be done, yet under the modern authorities, at least, the doctrine of intention prevails, and where the intention of the contracting parties can be ascertained without doubt, no test is necessary and the property in the thing vests whether something else is to be done or not. The rule is thus announced in 21 Am. & Eng. Enc. Law, p. 478:

"In determining whether title has or has not passed by the contract, the primary consideration is one of intention. The agreement is what the parties intended to make it. If the intention is manifested

clearly and unequivocally, it controls.   Thus, although it is a presumption of law that if something remains to be done for the purpose of testing the property, or of fixing the amount to be paid by weighing, measuring, or the like, or of putting the property into condition for final delivery, title does not pass until such act is done, yet this presumption may be overcome and title will pass if such appears by the contract to have been the intention of the parties."

This text is sustained by so many authorities that it is only necessary to refer to them as being cited in support of the text by the author quoted.

The testimony in this case so clearly showing the intention of the parties to convey this property, there is no room for the employment of the test spoken of above, and the judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.