[No. 8351.    Department One.    December 17, 1909.]

NORTHERN MERCANTILE COMPANY, *Appellant*, v.
FRANK SCHULTZ, *Respondent*.[1]

SALES—DELIVERY—ACCEPTANCE.  A delivery and acceptance of cedar poles sold, is shown, where it appears that at the time of the sale they were on a river bank, that each pole was marked with chalk on the end by the vendee's agent, who stated he would send a barge therefor, and the vendor agreed to load them on the barge.

SALES—VALIDITY—PERFORMANCE.  A sale of cedar poles is not affected by the fact that some were cut from dead trees, as that affected only the quality; nor by the fact that some were cut from the vendor's homestead claim prior to final proof.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered April 5, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on an account.  Affirmed.

*Alva S. Sherlock* and *Judson & Rochford*, for appellant.

*W. H. Jackson* and *S. Douglas*, for respondent.

MORRIS, J.—Appellant brought this action to recover $241.61 due upon merchandise sales between June 19 and November 1, 1907.  Respondent, answering, admitted the purchase of the merchandise, the value as alleged, and that he had not paid for same, and by way of counterclaim set forth that, on June 4, 1907, he sold appellant three hundred and seventy-six cedar poles for the sum of $818, and that it was then agreed that all merchandise purchased by him from appellant should be credited upon the purchase price of the poles; and demanded judgment.  The reply contested this

[1] Reported in 105 Pac. 850.

counterclaim and, upon the issues thus joined, trial was had to the court. Findings and conclusions were handed down, sustaining the counterclaim and awarding respondent judgment in the sum of $576.39, from which this appeal is taken.

The only question involved in the appeal is, Did the appellant purchase and accept delivery of the cedar poles? The court below so found, and a reading of the record establishes the correctness of such a finding. At the time of the sale, the poles were on the river bank, and the agent of the appellant, with a piece of lumberman's chalk, marked each pole across the end, and stated he would thereafter send a barge, and respondent agreed to load them upon the barge. This would be an acceptance and delivery, and did not mean that delivery was postponed until the loading upon the barge. The marking of the poles was a clear expression of intent to exercise ownership. It was an exercise of dominion over the poles, and manifested an acceptance and intention to claim them as the poles of appellant. *Pacific Lounge & Mattress Co. v. Rudebeck,* 15 Wash. 336, 46 Pac. 392; *Williams v. Ninemire,* 23 Wash. 393, 63 Pac. 534.

The fact that some of the poles were cut from dead trees did not affect the sale, but only the price to be paid for such poles. Neither is it material here that respondent had not made final proof upon his homestead claim from which some of the poles might have been cut.

Judgment affirmed.

RUDKIN, C. J., GOSE, CHADWICK, and FULLERTON, JJ., concur.