[No. 13018.   Department One.   April 28, 1916.]

Louis Meyer *et al.*, *Appellants*, v. Robert T. Hodge, *as Sheriff of King County, et al., Respondents.*[1]

Sales—Contract—Resale—Construction.   A sale of goods authorizing the buyer to "return the goods" to the sellers and obtain credit contemplates a resale requiring delivery to pass title; and the title does not pass by delivery to a local transfer company for reshipment to the sellers at Chicago, in the absence of any bill of lading or notice and acceptance; since the carrier was the buyer's agent and the goods were subject to his control, and liable to attachment.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 2, 1915, in favor of the defendants, upon stipulated facts, in an action of claim and delivery, tried to the court.   Affirmed.

*Leopold M. Stern* (*Harry J. Myerson* and *Don C. Wray*, of counsel), for appellants.

*Robert W. Waite*, for respondents.

Mount, J.—This action was brought by the plaintiffs, claiming to be the owners of certain goods levied upon by the sheriff of King county.   Judgment was rendered in favor of the defendants below.   The plaintiffs have appealed.

The facts are stipulated in substance as follows:   The plaintiffs are engaged in business at Chicago, Illinois.   On November 15, 1914, they sold to Dave Wein, at Seattle, Washington, certain woolen goods, of the value of $616.24. At the time of this sale, it was agreed that "Mr. Wein could at any time return the goods and obtain new styles, or return the goods and obtain credit therefor.   If he did not return them, he was charged with them.   No part of this shipment has been returned, and no part has been paid for."

[1]Reported in 157 Pac. 42.

Thereafter Mr. Wein sold a portion of the goods. On January 9, 1915, Mr. Wein called at the office of the Seattle Taxicab & Transfer Company, a corporation engaged in business as a common carrier and transfer company at and within the city of Seattle, and requested that company to call at his place of business at about the hour of 11:30 at night for a package. Thereafter, at the time designated, the transfer company caused one of its trucks to call at Mr. Wein's place of business, and it received a box addressed to the appellants at Chicago, Illinois. Mr. Wein instructed the transfer company to ship the box to the address named thereon. It was then too late to deliver the goods to a carrier to be transported to Chicago, and the box was stored in the warehouse of the transfer company.

On the next day, which was Sunday, Mr. Wein sent a telegram to the appellants, as follows: "I have sent goods back, and will send check for balance as soon as I can get it. Mail on way explaining matters." Thereafter on Monday morning, January 11, 1915, S. S. Jacobson brought an action against Mr. Wein, and caused a writ of attachment to be issued out of the superior court in due form, and upon the same day the sheriff levied upon the box of woolen goods, and took possession thereof. Thereupon the taxicab company wrote a letter to the appellants at Chicago, as follows:

"We beg to say that on Saturday, January 9th, Mr. D. Wein called at our office and requested us to call at 817, 3d Ave., Seattle, at 11:30 p. m. and secure a box of woolens which was to be held in our warehouse until Monday, when the said box was to be forwarded to you by freight. However, on Monday morning we were served with a writ of attachment by the sheriff of King county in favor of S. S. Jacobson to secure the said Mr. Jacobson for the sum of $551.46. The sheriff of King county has taken possession of this property today, January 11th. We are giving you the circumstances in connection with this case so that you may take whatever action you may think necessary. An acknowledgment of this letter will be appreciated. Very truly yours,          Seattle Taxicab & Transfer Co."

Thereafter, the appellants made a claim of ownership to the property, gave a bond, and took possession of the goods from the sheriff. The value of the goods in controversy is conceded to be $225. The appellants, up to the time of taking possession of the goods from the sheriff, did not know what goods were shipped to them, nor the description, amount, or value thereof, other than as stated in the telegram hereinabove quoted.

Upon these facts, the trial court concluded that there had been no delivery of the goods by Mr. Wein to the appellants, and therefore rendered a judgment in favor of the sheriff for the value of the goods. This appeal followed.

The sole question in the case is whether there was a delivery of the goods by Mr. Wein to the appellants. It will be noted that, at the time the appellants sold the goods to Mr. Wein, there was an agreement that Mr. Wein could at any time return the goods and obtain new styles, or obtain credit therefor. It is conceded that he sold part of the goods. It was not stated that delivery might be made at Seattle to a common carrier. If such an agreement had been made, then delivery of the goods to a carrier would be a sufficient delivery to the appellants. But where the agreement is to "return the goods," it was incumbent upon Mr. Wein to return the goods to the appellants at Chicago.

"In order to pass the title to goods as against the seller or those claiming under him there must be a valid, existing and completed contract of sale. Under a completed contract of sale the property in the goods passes at once from the seller to the buyer, at the place where the contract becomes complete, and for this reason the agreement is frequently called an executed contract. The sale is, however, an executory contract, if the seller merely promises to transfer the property at some future day, or the agreement contemplates the performance of some act or condition necessary to complete the transfer. Under such a contract until the act is performed or the condition fulfilled which is necessary to con-

vert the executory into an executed contract, no title passes to the buyer as against the seller or persons claiming under him." *35* Cyc. *274*.

There can be no doubt that the attempted return of the goods by Mr. Wein to the appellants was a resale of the goods by Mr. Wein to the appellants. *Whiting Mfg. Co. v. Gephart*, 6 Wash. 615, 34 Pac. 161. The delivery of the goods by Mr. Wein to the taxicab company was for the purpose of shipment to Chicago. It is conceded that the taxicab company is a common carrier and transfer company at and within the city of Seattle. This company was merely a local carrier within the city of Seattle. Delivery of the goods to it for shipment to Chicago did not constitute it the agent of the appellants. This carrier was simply the agent of Mr. Wein, who might at any time before the goods were shipped, retake them from the taxicab company. The agreement between the appellants and Mr. Wein was that Mr. Wein might at any time return the goods and obtain credit therefor. The intent of this agreement was that the goods might be returned to Chicago. This being true, there was no delivery of the goods by Mr. Wein to the appellants until the goods were delivered to them at Chicago.

The appellants rely upon the case of *Brown v. Bowe*, 35 Hun (N. Y.) 488. That was a case where goods were delivered to a railway company, and a bill of lading was issued therefor and sent to the consignee. The invoice and bill of lading were received by the consignee on November 10, 1880, who thereupon entered the merchandise set forth in the invoice as stock on hand to arrive. After that time, on November 13, 1880, an attachment was issued and the goods were seized and taken from the railway company. That case is clearly distinguishable from this by reason of the fact that there the consignee had received an invoice with a bill of lading, had accepted the same, and given the consignor credit therefor. In short, in that case, there had been a de-

livery and acceptance of the goods by the consignee. While in this case, there had been neither delivery nor acceptance by the consignee; no bill of lading had been issued; no invoice of the goods had been sent by the consignor; and the appellants did not know what goods were being returned, or their value. They simply knew that a part of the goods then in the possession of Mr. Wein were being returned to them, and nothing further. We think it is apparent that the facts in that case are entirely dissimilar to the facts in this case.

We are satisfied upon the statement of agreed facts that there was neither an actual nor constructive delivery to the appellants. The title to the goods therefore remained in Mr. Wein; and they were subject to attachment in an action against him.

The judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.