[No. 13432. Department One. September 26, 1916.]

## W. A. HASKINS, *as Assignee of E. A. Holston for the Benefit of Creditors, Appellant*, v. FIDELITY NATIONAL BANK, *Respondent*.[1]

FRAUDULENT CONVEYANCES—PREFERENCES—BILL OF SALE—DELIVERY —CHANGE OF POSSESSION. Under a bill of sale by a debtor given as security, there is a sufficient delivery or change of possession of lumber piled in the vendor's yards, as against a subsequent assignee for creditors, where the vendee's agent came to the yard, looked it over with the vendor, who agreed he might take it, and the agent employed a man to take and haul it away.

CHATTEL MORTGAGES—SALES—VALIDITY — RECORDING — CHANGE OF POSSESSION. Where a vendee in a bill of sale given as security takes possession of the property prior to the claims of other creditors, the bill of sale is not invalid because not accompanied by an affidavit of good faith or not properly recorded.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered November 27, 1915, upon findings in favor of the defendant, in an action for conversion, tried to the court. Affirmed.

*Stayt & Donley* and *Peacock & Ludden*, for appellant.

*Hamblen & Gilbert*, for respondent.

MOUNT, J.—This action was brought to recover the value of two hundred and eighty-two thousand feet of lumber al-

[1]Reported in 159 Pac. 1198.

leged to have been wrongfully taken by the defendant. At the trial of the case, the court found that the defendant had taken possession of the lumber under a bill of sale by authority of the owner, except a small amount which was not included in the bill of sale. For the value of this small amount, the court allowed the plaintiff a judgment for $144.56. The plaintiff has appealed from that judgment.

The principal question in the case is whether the defendant took actual possession of the lumber prior to an assignment made by the vendor for the benefit of creditors.

It appears that, on April 12, 1913, E. A. Holston, doing business under the name of Holston Lumber Company, was indebted to the Fidelity National Bank in the sum of $3,000. On that date Mr. Holston executed a bill of sale for "One million two hundred thousand feet of pine logs decked in mill pond at the company's mill, Boyds, Washington, and all the lumber sawed therefrom and piled in the yards of the company." This bill of sale was filed for record on April 23, 1913, in the auditor's office of Ferry county, where the mill was located. It is conceded that this bill of sale was taken as security for the money then owing by Holston to the bank. At that time Holston was indebted to other persons. Afterwards, in December, 1914, Mr. Phelps, representing the defendant bank, went to the mill of Mr. Holston, and Mr. Holston authorized Mr. Phelps to take possession of certain lumber then in the yard, to sell the same, and credit the amount received upon the note, upon which there was then due about $1,000. Mr. Phelps thereupon checked up the lumber, and employed a Mr. Wilson to haul the lumber from the mill to Boyds, which was a railroad station. It appears that this station was several miles from the mill, and, on account of the condition of the roads, it was necessary to wait for snow before the lumber could be moved. There is some evidence that a small portion of the lumber was hauled by Mr. Wilson to Boyds during the month of December.

Thereafter, on the 31st day of December, 1914, Mr. Holston made an assignment of all his property to W. A. Haskins for the benefit of creditors. Mr. Haskins thereupon employed a Mr. Anderson to go up to the mill and care for the property. About the 1st of January, 1915, Mr. Wilson, who had been employed by the bank to move the lumber to Boyds, proceeded to do so, and from that until the 6th, removed the lumber to Boyds, and it was afterwards sold and the proceeds credited upon the note by the bank. This action was thereafter brought to recover the value of the lumber so taken. It is shown that, at the time of the assignment, the assignee was informed that this particular lumber had been sold to the bank.

It is strenuously argued by the appellant that there was no manual delivery of the lumber to the bank prior to the time of the assignment by Mr. Holston to Mr. Haskins for the benefit of creditors, that the evidence shows that Mr. Phelps simply checked over the lumber, and that there was no outward indication of any change of possession from Mr. Holston to the bank. It is no doubt true that there was no outward open possession indicated after Mr. Phelps had left the property. But it was not property of which manual possession could be taken. It was lumber piled in the yards of the mill.

In *Churchill v. Miller*, 90 Wash. 694, 156 Pac. 851, after reviewing a number of cases from this court and other courts, we said:

"35 Cyc. 311, 312, is cited to the effect that the general rule is that the delivery must consist of an actual and continuous transfer of property. This rule must be applied, however, in view of the character and situation of the property and circumstances. Although such possession as a purchaser can reasonably take must be taken, it is not essential, as against creditors and subsequent purchasers, that there should be in all cases an actual manual delivery or a change of possession at the time of the sale, or immediately; citing

also 5 R. C. L. 397. The rule is stated in 35 Cyc. 312, as follows:

" 'It has been held that it is sufficient as against creditors and subsequent purchasers if notice of the sale is given to the third person in possession, unless his possession is of such a character that it does not convey any notice to the world of the change of ownership  .  .  .' "

We think that rule should apply to this case. There were no liens upon this lumber at the time Mr. Holston agreed the bank might take it. The agent for the bank came, looked over the lumber, and took it. He employed a man to take charge of and haul the lumber to the railway station, some distance away. He took such possession as a purchaser could reasonably take, and, quoting from the rule above stated, "it is not essential, as against creditors and subsequent purchasers, that there should be in all cases an actual manual delivery or a change of possession at the time of the sale, or immediately." We are satisfied, therefore, that the court properly found that there had been an actual change of possession; and also that the assignee took with notice of the claim of the bank at the time of the assignment.

It is next argued that the value of lumber taken which was not included within the sale or delivery, and which was found by the court to be of the value of $144.56, should have been found to have been of the value of $353. There was dispute in the evidence as to the value of this lumber, and it was therefore for the court to find, according to its best judgment, what the value was. After reading the evidence we are not disposed to find a greater value than was found by the trial court.

The appellant also contends that the bill of sale without an affidavit of good faith does not constitute a mortgage. Where the vendee takes possession of the property prior to the time other claims are made thereon, he is entitled thereto, even though his bill of sale or chattel mortgage may be invalid as such because not properly recorded. *Watson v.*

*First National Bank of Clarkston*, 82 Wash. 65, 143 Pac. 451.

We find no error in the record, and the judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, and ELLIS, JJ., concur.