[No. 14122.   Department Two.   July 16, 1917.]

FULLER & COMPANY, *Respondent*, v. ROBERT LONGMIRE, *as Sheriff, Garnishee, Appellant*, ARTHUR J. ADAMS, *Defendant*.[1]

ESTOPPEL—EQUITABLE ESTOPPEL—OWNERSHIP OF GOODS.   Where a mother allowed her minor son to conduct a business and use therein personal property which she had ·loaned to him, and to mortgage and hold himself out as the owner thereof, she is estopped, as against his creditors, from asserting that she was the owner thereof.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 10, 1916, upon findings in favor of the plaintiff, upon an issue in garnishment.   Affirmed.

*H. W. Lueders*, for appellant.

*Raymond J. McMillan* and *Ernest K. Murray*, for respondent.

PARKER, J.—This action was commenced in the superior court for Pierce county by the plaintiff, W. P. Fuller & Company, seeking recovery of the purchase price of goods sold by it to the defendant, Arthur J. Adams.   Thereafter a writ of garnishment was issued in the action at the instance of the plaintiff, directed to Robert Longmire, sheriff of Pierce county, requiring him to answer as to property in his possession belonging to the defendant.   He answered the writ admitting that he had in his possession certain personal property, describing it, claimed by the plaintiff to be the property of the defendant, but alleged that it was in fact the property of Carrie Adams, the mother of the defendant.   This allegation of ownership of Carrie Adams was controverted by the plaintiff.   Thereafter the issue so raised was tried by the court together with the issues raised by the pleadings in the original action, resulting in findings and judgments in favor of the plaintiff as against both the original and garnishee

[1]Reported in 166 Pac. 623.

defendants.   The court directed the sale of the property in
the hands of Longmire as garnishee defendant and the pro-
ceeds thereof applied to the payment of the judgment ren-
dered against the original defendant.   From this disposition
of the cause, the garnishee defendant Longmire has appealed
to this court.   The original defendant Adams has not ap-
pealed, so the controversy here is only between the plaintiff
and Longmire as garnishee defendant.

It appears that the defendant Adams was, at the time of
purchasing the goods for the purchase price of which judg-
ment was rendered against him in respondent's favor, a minor
about twenty years old.   At the time of purchasing the
goods, he was carrying on the business indicated by the name
Crystal Mirror & Beveling Company.   The goods were sold
to him by respondent for use in that business.   The business
was being carried on by him as his own, he having entire
control thereof with knowledge and consent of his mother,
who was then his natural guardian, his father having died
sometime previous.   This property in the hands of appellant
as garnishee was property used in the business and had been
seized by appellant as sheriff in proceedings looking to the
foreclosure of a chattel mortgage thereon, which had been
executed by defendant Adams, which property remained in
appellant's possession at the conclusion of the foreclosure
proceedings.   It was claimed by Mrs. Adams as her property,
she claiming that it had been loaned by her to her son for use
in the business, and it was because of this claim made by Mrs.
Adams that appellant resists the claim of the plaintiff that
it be sold to satisfy the judgment against defendant,
Arthur J. Adams.   Mrs. Adams was not a party to the orig-
inal action nor to this garnishment proceeding.   The trial
court found that:

"Carrie Adams is and was the mother of the defendant
Arthur J. Adams, and at all times was informed and knew
that said Arthur J. Adams was holding himself out as the
owner of the personal property above described, and that he

was conducting the business of said Crystal Mirror & Beveling Company as his own and obtaining credit therein, and said Carrie Adams by her conduct is estopped to assert as against the plaintiff that said Arthur J. Adams is not the owner of said personal property."

This finding, we think, is amply supported by the evidence. Plainly, we think, whatever right to this property Carrie Adams may have as against her son Arthur J. Adams, it must be held to be his property so far as the rights of the plaintiff in this cause are concerned.

Some other contentions are made by counsel for appellant. We think they are wholly without merit so far as the present controversy is concerned. We may observe that they relate for the most part to questions arising in the original action and not to questions arising between respondent and appellant. We are not here concerned with alleged errors occurring in the rendering of the judgment against the defendant Arthur J. Adams, since no appeal is taken therefrom.

The judgment against appellant Longmire as garnishee is affirmed.

Ellis, C. J., Fullerton, Mount, and Holcomb, JJ., concur.