[No. 14784.  Department Two.  January 24, 1919.]

H. M. ROWAN, *Respondent*, v. UNITED STATES FIDELITY
& GUARANTY COMPANY *et al., Appellants.*[1]

FRAUDULENT CONVEYANCES (34, 92) — PREFERENCES — TO RELA-
TIVES—EVIDENCE—SUFFICIENCY.  No fraudulent intent is shown by a
sale by a father to a son of ten mules and other property in satis-
faction of a debt for $1,000, where the only evidence as to the con-
sideration was that of father and son which showed it to be ade-
quate, and if the father was insolvent at the time he did not know it.

SAME (41, 95)—PREFERENCES—RETAINING POSSESSION—INTENT—
EVIDENCE—SUFFICIENCY.  Fraudulent intent in the sale by a father
to a son of ten mules and other property in satisfaction of a debt
for $1,000, is not shown by the fact that there was no apparent
change of possession, where it appears that they were living to-
gether, the son ran the farm, paid the bills, and exercised exclusive
control over the property and listed it for assessment as the owner.

Appeal from a judgment of the superior court for
Benton county, Truax, J., entered February 28, 1918,
upon findings in favor of the plaintiff, in an action
of replevin, tried to the court.  Affirmed.

*Cassius E. Gates* and *Nelson R. Anderson,* for ap-
pellants.

*McGregor & Fristoe,* for respondent.

MOUNT, J.—This appeal is from a judgment of the
lower court awarding to the respondent the possession
of ten mules and three horses.

It appears that, in the year 1915, W. B. Rowan, the
father of the respondent, was the owner of these mules
and other property.  In February of 1916, the father
was owing the son money.  It was estimated that the
debt was about $1,000.  In order to pay this debt, the
father sold to the son the mules and horses in contro-
versy here, together with other property, which they

[1]Reported in 178 Pac. 473.

estimated was of about the value of a thousand dollars. At that time, the father, his wife and two other boys were living with the son, the respondent here. The respondent took possession of the property, and in March of 1916, as owner, listed it with the assessor for assessment; and, in the year 1917, the respondent also listed the property with the assessor, and afterwards, long before the property was seized, paid the taxes thereon. On March 31, 1917, the United States Fidelity & Guaranty Company recovered a judgment in the superior court of King county in the sum of $558.27 against W. B. Rowan and A. P. Anderson, copartners doing business as Rowan & Anderson. Thereafter, the United States Fidelity & Guaranty Company caused a writ of execution to be issued upon the King county judgment and placed this writ in the hands of the sheriff of Benton county. The sheriff, on the 19th of November, 1917, by virtue of the writ of execution, seized the ten mules and three horses in controversy here as the property of W. B. Rowan. Thereafter, on the 20th day of November, 1917, H. M. Rowan, the respondent, filed the statutory affidavit, claiming the property, and gave a bond and retook the property from the sheriff. Thereafter, the claim of the respondent, as the owner of the property, was tried to the court without a jury. At the conclusion of the evidence, the court made findings in favor of the respondent and entered judgment accordingly. This appeal followed.

It is argued by the appellant that the father of the respondent was insolvent at the time of the transfer of the property to his son; that there was an inadequate consideration; that there was no visible change of possession; that the indebtedness was exaggerated; and that, for all of these reasons, the transfer from

the father to the son was fraudulent and void as to existing creditors. The only evidence in the case was that of the father and son. The case depends almost wholly upon a question of fact. If the testimony of the father and son is to be believed, there was an adequate consideration for the transfer. If, as a matter of fact, the father of the respondent was insolvent at the time of the sale, we are clearly of the opinion, from the record before us, that he did not know it. It is true the greater portion of the father's property was mortgaged, but, outside of his mortgage indebtedness, the debt owing appellants was the only other debt then against him. He claimed that there was enough equity in his mortgaged property to more than pay his other debts at the time of the sale. If these facts are to be believed, there was no fraudulent intent.

It is shown that there was no apparent change in the possession of the mules and horses at the time of the sale. The father and son were living together as one family. There was no bill of sale, and it was probably not generally known in the neighborhood that the father had sold these mules and horses to his son; but the son testified that, immediately after the sale, he took possession of the mules and horses; that he exercised exclusive control over them, fed them, paid pasturage upon them, and gave them in to the assessor as his property, and paid taxes thereon. We think this shows as much of a changed possession as the circumstances and condition of the property required. The appellant here relies upon fraud as vitiating the sale. It devolved upon the appellant to show fraud. Aside from the circumstances which we have above related, namely, the fact that there was no visible change of possession, and the fact that the son purchased the property from the father, there is

no evidence of fraud, and, as showing the good faith of the transaction, the father and son both testified to facts which tended at least to show good faith. They testified that the father lived with the son, and that the son was really the head of the family, took charge of the farm which he was operating, paid all the bills, and gave the property in to the assessor as his own, and paid taxes thereon. It seems, in view of these facts, as testified to and not disputed, that the trial court properly concluded that the transfer was in good faith and for a valuable consideration, and, therefore, that the son was the owner of the property levied upon.

The judgment must therefore be affirmed.

MAIN, FULLERTON, PARKER, and HOLCOMB, JJ., concur.