[No. 17386.   Department One.   December 7, 1922.]

A. HOUGHLAND, *Appellant,* v. DON WOLFE *et al.,*
*Respondents.*[1]

FRAUDULENT CONVEYANCES (40)—VALIDITY—CHANGE OF POSSESSION
—BILL OF SALE—RECORDING—STATUTES.   Under Rem. Comp. Stat.,
§ 5827, requiring that a bill of sale of property left in the possession
of the vendor be recorded within ten days, the sale of an automobile
by a son to his father is fraudulent as to creditors, where it was not
in writing and after the sale the automobile continued in the pos-
session of the son at all times identically as before; there being
nothing done to indicate to the public that the title had changed
from the son to the father.

Appeal from a judgment of the superior court for
Clarke county, Simpson, J., entered April 4, 1922, upon
findings in favor of the defendants, in proceedings to
subject property to the satisfaction of a judgment.  Re-
versed.

*R. C. Sugg* and *E. M. Swan,* for appellant.

*Crass & Hardin,* for respondents.

BRIDGES, J.—The appellant recovered judgment
against the respondents Don Wolfe and wife based
upon a promissory note given in March of 1921.  He
levied on, and was threatening to sell, a Scripps-Booth
automobile, found in the possession of the judgment
debtors.   The lower court held that the automobile
belonged to the respondent Isaac Wolfe, and that the
appellant had no right to enforce his judgment against
it.  The controlling facts are not in dispute and are as
follows:  Don Wolfe is the son of Isaac Wolfe.  Isaac
is an old man and lives in the city of Vancouver.  Prior
to May, 1920, the father owned a farm located near
that city and all of the personal property thereon,
including the automobile in question.  The son, with

[1]Reported in 210 Pac. 805.

his family, lived on the farm and operated it for the father, and in so doing had possession of and used the personal property, including the automobile. · On that date the father sold to the son the farm and all the personal property thereon for $5,000. A deed to the land was made, but there was no formal instrument transferring the title to any of the personal property. In payment of the property, the son gave his father a note for $5,000, and secured its payment by a mortgage on the land. The son did not make a success of the farm, and did not pay the father the principal of the note nor any interest thereon. In July, 1921, he sold the real estate and personal property to his father, giving a formal deed to the real estate, but did not execute any instrument conveying the personal property. The father surrendered the note which had been given by the son, cancelled the indebtedness, and released the mortgage. During the time of his ownership, the son remained in possession of all the property, just as he had previous thereto. After the sale and until the commencement of this suit, the son retained the possession of the real estate and all the personal property, just as before. His possession of the personal property was identically the same at all times. The question is, there being no bill of sale or other written instrument affecting the title to the personal property, was there such a change of possession as that the appellant had no right to subject the automobile to execution in satisfaction of his judgment.

We are convinced that the trial court was in error in giving judgment against appellant. From May, 1920, to July, 1921, the son was the owner of and in possession of the property in question. His possession continued identically the same after he had parted with the title to his father in July of 1921. At no time was the father in actual possession of the automobile. At

no time was anything done which would indicate to the public or those interested that the title had changed from the son to the father. At no time did the father list the automobile for taxation as his own property, but, on the contrary, during the years 1919, 1920 and 1921, the son listed it as his own for taxation purposes. He made application for a motor vehicle license under the laws of the state, representing himself to be the owner of the automobile. The appellant testified that, when he gave credit to the son, he knew the latter had possession of the automobile and supposed he owned it. Section 5291, Rem. Code [Rem. Comp. Stat., § 5827], reads as follows:

"No bill of sale for the transfer of personal property shall be valid, as against creditors or innocent purchasers, where the property is left in the possession of the vendor, unless the said bill of sale be recorded in the auditor's office of the county in which the property is situated, within ten days after such sale shall be made."

In the case of *Whiting Mfg. Co. v. Gephart*, 6 Wash. 615, 34 Pac. 161, in construing this statute, we said that the only reasonable construction to give it . . .

" . . . is that thereunder no sale of personal property is valid as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor, unless such sale be evidenced by a memorandum in writing, and such memorandum be recorded in the auditor's office of the county in which the property is situated within ten days after such sale shall have been made."

The general rule in cases of this character is that the change of possession must be actual, open, visible and manifest, and not merely constructive or legal. Here the possession continued in the vendor exactly the same as it had while he was the owner of the prop-

erty, and there was absolutely nothing by which any creditor or intending purchaser could know that a change of ownership had taken place. If the constructive change of possession shown here were sufficient as against existing creditors, then the purpose of the statute which we have quoted would be almost completely circumvented and nullified. If it was intended that the son should continue to remain in possession of the property after he sold it, and the circumstances were such that an open and actual change of possession could not be made, then a bill of sale should have been executed and recorded, so that creditors would not be misled. The following cases out of this court support the view we have announced: *Churchill v. Miller,* 90 Wash. 694, 156 Pac. 851; *Whiting Mfg. Co. v. Gephart, supra; Fuller & Co. v. Longmire,* 97 Wash. 254, 166 Pac. 623, 7 A. L. R. 674. The appellant cites as supporting the judgment of the lower court *Haskins v. Fidelity Nat. Bank,* 93 Wash. 63, 159 Pac. 1198; *Greenwood v. Corbin,* 48 Wash. 357, 93 Pac. 433; *Rowan v. United States Fidelity & Guaranty Co.,* 105 Wash. 432, 178 Pac. 473. None of these cases is controlling.

In the *Greenwood* case, *supra,* the only question involved was whether the title, as between the vendor and vendee, had passed, and it was there held that § 5291, Rem. Code [Rem. Comp. Stat., § 5827], was inapplicable because the debt there sought to be enforced had been contracted prior to the time of the sale.

In the *Haskins* case, *supra,* it was shown that there had been such actual and complete change of possession as the nature of the property would permit of.

The *Rowan* case, *supra,* is probably more in point than any of the other decisions of this court. There the father and mother lived on the farm with the son and his family, the son owning the land. The father, being indebted to the son, paid the debt by selling and

turning over to him certain live stock and other per-
sonal property. The property remained on the farm
as it had before the sale, but the son took such posses-
sion thereof as the circumstances permitted, and at all
times held himself out as the owner of the property.
He listed it as belonging to him and paid the taxes
thereon. He took immediate possession and exercised
exclusive control over the animals and fed and pas-
tured them. It was there held that the change of pos-
session, under the circumstances, was sufficient as
against creditors. But the facts there were almost
contrary to what they are here.

The judgment is reversed, and the cause remanded
for procedure in accordance herewith.

PARKER, C. J., MACKINTOSH, HOLCOMB, and MITCHELL,
JJ., concur.