[Civil No. 2539. Filed November 15, 1926.]

[250 Pac. 564.]

RIO GRANDE OIL COMPANY, a Corporation, Appellant, v. MILLER RUBBER COMPANY OF NEW YORK, a Corporation, Appellee.

Messrs. Baker & Whitney, for Appellant.

Mr. C. H. Young, for Appellee.

LOCKWOOD, J.—On May 12th, 1925, Rio Grande Oil Company, a corporation, hereinafter called plaintiff, sued one Logan Ives, hereinafter called defendant, on an open account for the sum of $683.44. An attachment was issued, and the sheriff of Maricopa county levied on certain property in the possession of Ives, among which were twenty-one automobile tires and forty-five inner tubes.. June 11th, 1925, Miller Rubber Company, a corporation, hereinafter called claimant, filed a claim under the provisions of paragraphs 1648–1672, Revised Statutes of Arizona of 1913, Civil Code, alleging it was the owner of the tires and tubes above mentioned. To this claim plaintiff tendered issue, as provided by statute, and upon the issue thus made up the matter was heard, and claimant was given judgment as the owner of the tires and tubes, and entitled to the possession thereof. Thereafter a judgment in the original action was rendered in favor of plaintiff against defendant. An

execution was duly issued thereon, which was returned partially satisfied, leaving a balance due plaintiff of $332.77, and the latter has now appealed from the judgment in favor of claimant.

There are some four assignments of error which raise certain questions of law which we will consider as seems best. The real dispute is as to the nature of the contract between claimant and defendant whereby the latter came into the possession of the goods in question. It is admitted they were originally the property of claimant, and that defendant gained possession of them by its consent, but there is an issue as to whether the contract between claimant and defendant was, as contended by the former, one of consignment, or, as insisted by plaintiff, either a conditional sale or one of sale and return. Upon the determination of this question will depend the judgment of the court.

Under chapter 40, section 1, Session Laws of 1919, a conditional sale is defined as—

"(1) Any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or upon the performance of any other condition or the happening of any contingency; or

"(2) Any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming, the owner of such goods upon full compliance with the terms of the contract."

A contract of sale and return is a contract by which property is sold, but is liable to be returned to the seller at the option of the buyer. In this class of cases the transaction vests title immediately in the buyer, who has the privilege of rescinding the sale,

and, until this is exercised, the title remains in him. *Guss* v. *Nelson,* 200 U. S. 298, 50 L. Ed. 489, 26 Sup. Ct. Rep. 260; *Meyer* v. *Hodge,* 91 Wash. 35, L. R. A. 1916E 1207, 157 Pac. 42; *Ray* v. *Thompson,* 12 Cush. (Mass.) 281, 59 Am. Dec. 187.

In such cases the property in the goods passes to the buyer. The price is fixed at the time of the sale and delivery, the buyer deals with the goods as his own, disposes of them as he pleases, by cash or credit, is under no obligation to give any account of his disposition of them, and is only liable to pay for them at a price fixed beforehand without any reference to the price at which he sells them. *House* v. *Beak,* 141 Ill. 290, 33 Am. St. Rep. 307, 30 N. E. 1065; *Moline Plow Co.* v. *Rodgers,* 53 Kan. 743, 42 Am. St. Rep. 317, 37 Pac. 111.

On the other hand, a consignment of goods for sale does not pass the title at any time, nor does it contemplate that it should be passed. The very term implies an agency, and that the title is in the consignor, the consignee being his agent. *Harris* v. *Coe,* 71 Conn. 157, 41 Atl. 554; *Sturm* v. *Boker,* 150 U. S. 312, 37 L. Ed. 1093, 14 Sup. Ct. Rep. 99 (see, also, Rose's U. S. Notes); *Powell* v. *Wallace,* 44 Kan. 656, 25 Pac. 42.

The only witness as to the nature of the transaction was W. T. Smith, manager of the local agency of the claimant. He testified, among other things, as follows in response to the question:

"Q. Did you have an understanding of whether or not they were to be sold to Mr. Ives or under what condition they were delivered to him? A. They were consigned. . . . I told him we would consign him a stock until such time as he could get on his feet. . . . I delivered these goods to Ives to sell; he to pay for them as he sold them. . . . Our understanding with Ives was that if he did not sell the goods they were to be returned to the Miller Rubber Company. . . .

The goods belonged to the Miller Rubber Company. Aside from sending the invoices to the Grand Avenue Service Station, which was run by Mr. Ives, I attached a written notice to be posted in the Grand Avenue Service Station. . . . We delivered the notice to Mr. Ives in person, to be posted, and it was posted on the left-hand side as you go in. . . . The paper you hand me . . . reads as follows: 'January 8, 1925. Notice to the Public. This is to certify that all Miller tires and tubes in this building are the property of the Miller Rubber Company of New York until sold and paid for. Miller Rubber Company of New York, by W. P. Smith, Manager.' . . . I am acquainted with Lynn Lockhart, the manager of the Phoenix branch of the Rio Grande Oil Company. I had a conversation with Mr. Lockhart in March of this year with reference to the Miller tires and tubes and accessories at the Grand Avenue Service Station. At that time I informed Mr. Lockhart that I had a consignment, and he said that was fine."

This evidence was not contradicted in any manner, except that Lockhart claimed the conversation referred to by Smith referred to another transaction. It is obvious that, if the trial court believed the testimony of Smith, and from its judgment it must have done so, the transaction falls clearly within the definition of a consignment above given, and not that of a conditional sale or a sale and return. As Smith explicitly stated, the title at all times remained in the Miller Rubber Company until the goods were sold, and it was never intended that at any time or under any condition the title was to pass to defendant. We must assume the trial court accepted this testimony as true, and found the transaction to be a consignment. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587. If it was such, under all the authorities the owner of the goods could recover them as against an attaching creditor of the agent. 23 C. J. 352.

It is urged by plaintiff that an affirmance of the judgment will result in many fraudulent transactions in the future. We do not think that is necessarily so. The real test of the difference between a consignment and either a conditional sale or sale and return is not the language of the contract, but whether or not it is intended that under any circumstances the title in the goods shall pass to the consignee. This is a question of fact to be determined from the evidence in each particular case, and we must assume that, should a case arise in which an attempt is made to commit a fraud by a transaction under the guise of a consignment when in truth it is not one, the trial court will meet the situation as it presents itself in the proper manner.

For the foregoing reasons the judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.