[No. 20314. Department One. March 16, 1927.]

RITA POWELL BOCK, *Respondent*, v. H. W. SIEFERT, *Defendant*, ELEANOR M. ABSLAG, *Intervener and Appellant.*[1]

[1] FRAUDULENT CONVEYANCES (93) — GIFTS (4, 8) — DELIVERY — TRANSACTIONS BETWEEN RELATIVES — EVIDENCE — SUFFICIENCY. Where an automobile was purchased from a husband for value and given to the wife by the wife's uncle as a wedding present, there was such a change of possession as to defeat its subsequent garnishment by a creditor of the husband, when it appears that for two years the wife received the licenses and certificate of registration in her own name, and drove the car about town and on trips, and the husband purchased another car for his own use; and it is immaterial that a part of plaintiff's money went to pay for the car when it was first bought by the husband.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 9, 1926, upon

[1]Reported in 253 Pac. 1081.

findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Riddell & Brackett, Bausman, Oldham & Eggerman,* and *Edw. L. Rosling,* for appellant.

*Roberts & Skeel,* and *Glen E. Wilson,* for respondent.

MAIN, J.—This was an action in replevin brought for the purpose of recovering possession of an automobile. After the action was instituted Eleanor M. Abslag intervened, claiming the automobile by reason of a writ of garnishment. The trial to the court without a jury resulted in findings of fact and conclusions of law sustaining the claimed title of the plaintiff and her right of possession. Judgment was entered accordingly from which the intervener appeals.

The facts essential to be stated are these. The respondent and John B. Bock were married at Yakima, this state, on May 1, 1923. At this time Bock owned a Cadillac Victoria coupe. After the marriage the parties drove to California in the car and from there went on a trip to Mexico by way of Texas. The automobile was left at El Paso. In Houston they visited W. L. Powell, an uncle of Mrs. Bock. Powell had expressed the desire to give his niece a wedding present. The result was that Powell purchased from Bock the Cadillac automobile paying two thousand dollars cash therefor, and in turn gave it to the respondent. The Bocks then proceeded to Mexico where Mrs. Bock remained two or three months. Her husband having returned earlier met her on her return at El Paso, Texas, and they drove back to Los Angeles in the car where it had formerly been purchased by Bock. Mrs. Bock soon thereafter went to Seattle where she remained for two or three months and returned to Los Angeles in November, 1923. On the trips that had

been taken in the car Bock did the driving and, while Mrs. Bock was absent in Seattle, he used the car in his business. After Mrs. Bock's return her husband purchased another car, a Liberty, to be used by him for business purposes. Mrs. Bock thereafter learned to drive the Cadillac and drove it about the city of Los Angeles and on other trips. In May, 1925, the respondent and her husband drove from Los Angeles to Seattle in the Cadillac automobile. Soon after arriving at the latter place and while the car was in a public garage there, the appellant caused a writ of garnishment to be issued out of an action in which she had some time prior obtained a judgment against Bock for a considerable sum of money. Thereafter the car was held under the garnishment.

[1] The controlling question is whether the respondent had assumed such possession of the car that it was not subject to garnishment on a judgment debt of Bock, the former owner. There can be no question that the purchase of the car by Powell from Bock and the giving of it to the respondent transferred the title. There is some discussion in the briefs as to whether the California or the Texas law should control. There is proof as to the California law, but none as to the law of Texas, and therefore the law of that state will be presumed to be the same as that of the state of Washington. Whether the law of California or the law of this state controls is not a material inquiry, because as it appears to us the law of the two states covering the matter is subsantially the same. Conceding the law to be as stated in the California cases, that there must be such a visible and apparent change of the possession of personal property as will give evidence to the world of the claims of the new owner in order to defeat the rights of a creditor of the former owner, the evidence in this case meets the test of that rule. In 1924 and

1925, the respondent caused the Cadillac automobile under the laws of California to be registered and received a certificate of ownership in her own name. She also took the license to the car for those years in her name. In addition to this she paid the taxes thereon. This evidence when taken in connection with the fact that after Mrs. Bock returned from Seattle she drove the car about the city of Los Angeles and on other trips and that her husband purchased and used in his business another car evidences such a change of possession as the circumstances and condition of the property permitted. In *Rowan v. United States Fid. & Guar. Co.*, 105 Wash. 432, 178 Pac. 473, a father had made a sale of ten mules and other property to his son and the question was whether there was sufficient evidence of the transfer of possession to defeat the right of the creditor of the father. It was there said:

"It is shown that there was no apparent change in the possession of the mules and horses at the time of the sale. The father and son were living together as one family. There was no bill of sale, and it was probably not generally known in the neighborhood that the father had sold these mules and horses to his son; but the son testified that, immediately after the sale, he took possession of the mules and horses; that he exercised exclusive control over them, fed them, paid pasturage upon them, and gave them in to the assessor as his property, and paid taxes thereon. We think this shows as much of a changed possession as the circumstances and condition of the property required."

The evidence of the change of possession in the present case is at least as convincing, if not more so, than was the evidence in that case and is better calculated to show that there had been a visible and apparent change of possession which would be evidence to the world of the claim of the new owner.

In the cases of *Churchill v. Miller*, 90 Wash. 694, 156 Pac. 851, and *Houghland v. Wolfe*, 122 Wash. 473, 210 Pac. 805, the possession after the transfer of the title continued as before and there were no facts which showed evidence of a change. In the present case no bill of sale was given by Bock to Powell and none by the latter to his niece, the respondent. Rem. Comp. Stat., § 5827 [P. C. § 7747], and there is a statute of similar import in California, provides that no bill of sale for the transfer of personal property shall be valid as against existing creditors or innocent parties where the property is left in the possession of the vendor, unless the bill of sale be recorded in the auditor's office of the county in which the property is situated within ten days after such sale. That statute is not applicable because, as we have already found, in the present case there was change of possession such as the circumstances and character of the property permitted.

[2] There is the further question of minor importance relating to the rejection of testimony by the trial court. The appellant offered to prove, but was not permitted to do so, that at least a part of the money which went to pay for the purchase of the car by Bock from the agency in Los Angeles was her money. This evidence, if true, would not affect the right of the respondent to the car, having acquired it in the manner above stated.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.