[Civil No. 2867.  Filed April 14, 1930.]

[286 Pac. 820.]

COMMERCIAL SECURITIES CORPORATION CONSOLIDATED, a Corporation, Appellant, v. BABBITT MOTOR COMPANY, a Corporation, Appellee.

Mr. Frank·L. Snell, Jr., and Mr. Leon S. Jacobs, for Appellant.

Mr. Herman Lewkowitz and Mr. Henry H. Miller, for Appellee.

LOCKWOOD, C. J.—Commercial Securities Corporation. Consolidated, a corporation, hereinafter called appellant, brought suit against Babbitt Motor Company, a corporation, hereinafter called appellee, to recover possession of two automobiles which were alleged to be the property of appellant. Appellee answered, claiming ownership of the cars. The case was tried to a jury, and at the close of the evidence appellant moved for an instructed verdict, which motion was denied by the court. The case was submitted to the jury, which returned a verdict in favor of appellee; and, after the usual motion for a new trial had been overruled, appellant brought the case before us for review.

There are some five assignments of error which raise in effect but one question, which is whether the evidence supports the verdict. In determining this question, we must of course consider the evidence in the strongest possible light in favor of appellee. So considered, the facts are as follows: Appellee was engaged in the business of selling Oakland and Pontiac automobiles, with headquarters in the city of Phoenix. One Ferguson was the owner and op-

erator of the Hiway Service Station at Superior, Arizona, and among other things sold both new and used automobiles. He desired to take on a line of new Oakland and Pontiac cars, and made a business arrangement with appellee to secure from it these cars. We shall discuss the nature of this arrangement at more length later on, for upon it the entire case turns. He was at the time considerably indebted to one Sam Mishkin, and the latter was pressing him for a liquidation of the account. Ferguson could not pay the debt, so at Mishkin's suggestion the following system was pursued. Ferguson would give Mishkin a bill of sale for a car received from appellee, receiving in payment therefor a check from Mishkin. Mishkin would give back to Ferguson a conditional sales contract for the same car, on which a nominal sum was paid down. Mishkin would then assign the conditional sales contract to appellant. Ferguson at the same time paid to Mishkin substantially the amount which Mishkin had previously paid him for the car, which amount was credited, not on the conditional sales contract for the car in question, but on the previous debt of Ferguson to Mishkin. The car itself at all times remained in the possession of Ferguson. The ultimate effect of this complicated maneuvering was that Ferguson attempted to transfer title to the cars obtained by him from appellee to Mishkin to pay his previously existing debt to the latter. The two cars involved in this action had been handled in the manner above described, and thereafter and before the commencement of this suit had been returned by Ferguson to appellee.

The evidence is sufficient to sustain findings that Mishkin was fully cognizant of the nature of the contract between Ferguson and appellee, and that he was agent for appellant through the entire transaction. Such being the case, the question of whether or not appellant was entitled to recover in this action

depends upon whether the arrangement between Ferguson and appellee constituted a contract of sale and return, a conditional sale, or a consignment. If it was the former, the appellant had title to the cars, and the court should have instructed a verdict in its favor. If it was either a conditional sale or consignment, the judgment must stand. In the case of *Rio Grande Oil Co. v. Miller Rubber Co.*, 31 Ariz. 84, 250 Pac. 564, we discussed the nature of a contract of sale and return, and a consignment. A contract of sale and return is one by which property is sold, but may be returned to the seller at the option of the buyer. In this class of cases the transaction vests title immediately in the buyer, and he can pass a good title to a third party, even though he does not pay for the property. On the other hand, a consignment of goods for sale does not pass the title to the consignee at any time, nor does it contemplate that it should be passed. The very term implies an agency, and that the title is in the consignor, the consignee being his agent for the purpose agreed between them; in this case, for a *bona fide* sale. In a conditional sale, the title is of course expressly reserved. Under either of the latter circumstances, the transaction between Mishkin and Ferguson, not being a genuine sale but in effect an application of the value of the cars on some of Ferguson's prior indebtedness to Mishkin, would be void as against appellee.

It would be of no particular value to detail in this opinion the evidence in the case. It is sufficient to say that we are of the opinion it would sustain a finding that the title in the cars did not pass to Ferguson, and that Mishkin had full knowledge of that fact. Such being the case, the court properly submitted the issues to the jury, and rendered the correct judgment on the verdict.

The judgment is therefore affirmed.

McALISTER and ROSS, JJ., concur.